

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Carlos Ashley, Chairman
State Board of Control
Austin, Texas

Dear Mr. Ashley:

Opinion No. 0-7417

Re: Does the State Board of Control have the right to give the State of Texas and Williamson County an easement across State land for the purpose of there being constructed a farm-to-market road?

On September 21, 1946, the lamented Judge Weaver H. Baker, Chairman of the State Board of Control, in perhaps his last official act, requested an opinion from this department on the above matter. It seems a very strange coincidence that on the following morning he met his tragic death on the public highway at almost the identical place where the land inquired about is located.

In the passing of Judge Baker the State lost a most conscientious and valuable servant. We sincerely trust that you, as the successor to his place, will be able to and we feel certain you will measure up to the high standard of service which he rendered.

In Judge Baker's letter he stated that the State of Texas owns approximately 756 acres of land adjacent to the Burnet-Austin Highway which is commonly referred to as the State Dairy and Hog Farm; that an unimproved public road borders the boundary line of a portion of the State land leading from said Burnet-Austin Highway to Round Rock; that the Commissioners' Court of Williamson County and the State Highway Commission are desirous of constructing an improved farm-to-market road, generally along the location of the now-existing unimproved road, which will require the use of more land than is now being used for highway pruposes.

Under the above facts, our opinion was requested as to whether the State Board of Control can execute an easement on a portion of the State's land, for the purpose of constructing said farm-to-market road As you know, no one can make a binding contract for the State unless he has been authorized by the Legislature to execute the contract. There is noth: in the statute which either expressly or by implication authorizes or permits the State Board of Control to execute an easement to any one on any of the State's land for the purpose of having constructed thereon a farm-to-market- road. In the absence of such a statute, or permission from the Legislature, it is our opinion that the State Board of Control does not have any authority to execute the easement to the State of Texas or to Williamson County for the purpose of having constructed thereon a farm-to-market highway.

Fortunately, the Legislature will soon be in session, and the matter should be called to its attention, so that if the Legislature desires to confer that authority upon the State Board of Control, it may enact appropriate legislation.

The execution of an easement over land is, of course, the conveyance of an interest in land, and the State Board of Control does not have any authority to convey to any one the interest of the State in land except where authority therefor has been granted by the Legislature.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  s/ Geo. W. Barcus
    Geo. W. Barcus
    Assistant

GWB-NR-wc

APPROVED  OCT 7, 1946
s/ GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/ BWB Chairman